UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES B.V. CROSBY,

    Petitioner,

v.

                                        Case No. 3:24-cv-825-MMH-MCR

UNITED STATES,

    Respondent.

_____

## ORDER

Petitioner James B.V. Crosby, a pretrial detainee at the Duval County Jail, initiated this action on August 5, 2024,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Petition; Doc. 1). On January 10, 2024, the State of Florida charged Crosby by information with two counts of failure to comply with sex offender requirements in violation of section 943.0435(4)(b), Florida Statutes. See State v. Crosby, No. 2024-CF-000101 (Fla. 4th Cir. Ct.).[2] Crosby is awaiting trial.

In the Petition, Crosby challenges his pretrial detention on four grounds: (1) he is innocent of the offense that required him to register as a sex offender;

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] The Court takes judicial notice of Crosby's state court docket. See Paez v. Sec'y, Fla. Dep't of Corr., 947 F.3d 649, 651 (11th Cir. 2020) (per curiam) (finding the district court properly took judicial notice of petitioner's state court dockets).

(2) excessive bail; (3) illegal search and seizure; and (4) "Sixth Amendment Violations—confront witnesses, speedy and impartial trial, effective counsel, impartial judge." Petition at 6–7. Crosby fails to detail the facts supporting each ground, and instead refers the Court to various filings in his pending state trial court case and his state and federal appellate court cases. Id. As relief, he requests the Court "[e]njoin and quash the falsified warrants and proceedings and release [him] from jail." Id. at 7. Crosby also asks to "vacate the illegal conviction requiring registration based on actual innocence, newly discovered evidence[,] . . . involuntary plea, and ineffective counsel." Id. For the reasons set forth below, the Petition is due to be dismissed.

**A. Ground One**

In Ground One, it appears Crosby attempts to challenge his Polk County conviction for one count of use of a computer to seduce a child. See State v. Crosby, No. 2007-CF-00242401 (Fla. 10th Cir. Ct.). However, any claims regarding his Polk County conviction should be raised in a separate § 2254 petition filed in the Tampa Division of the Court. See Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 (11th Cir. 2008) ("[A] prisoner collaterally attacking his conviction or sentence may not avoid the various procedural restrictions imposed on § 2254 petitions or § 2255 motions by nominally bringing suit under § 2241."). In addition, Crosby previously filed a § 2254

2

petition challenging his Polk County conviction. The assigned judge denied the petition as time-barred. See Crosby v. Sec'y, Fla. Dep't of Corr., No. 8:14-cv-01654-VMC-AEP (M.D. Fla. Jan. 23, 2015) (Doc. 49). Thus, this Court would not have the authority to consider the claim raised by Crosby without prior authorization from the Eleventh Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); see also Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273, 1278 (11th Cir. 2014) (finding that "[s]ubject to [certain] exceptions[,] . . . a district judge lacks jurisdiction to decide a second or successive petition filed without [the Eleventh Circuit's] authorization"). At this time, the Eleventh Circuit has not authorized Crosby to file a second or successive habeas petition.

### B. Grounds Two and Three

As Grounds Two and Three, Crosby alleges that the state court imposed excessive bail in his pending state court case,[3] and an illegal search and seizure

---

[3] Crosby also appears to challenge the bail imposed in his misdemeanor case. See State v. Crosby, No. 2024-MM-000126 (Fla. Duval Cnty. Ct.). However, the State nolle prossed the charges in that case. See id. Although Crosby currently is "in custody," his incarceration is not a consequence of the misdemeanor case challenged in the Petition. Therefore, Crosby does not meet the "in custody" requirement of § 2241, and the Court lacks jurisdiction to consider Crosby's claim regarding the misdemeanor case.

3

provides the basis for the charges. See Petition at 6. However, absent some exceptional circumstances meriting equitable relief, a federal court should refrain from interfering with a pending state criminal proceeding. See Younger v. Harris, 401 U.S. 37, 43–44 (1971); Butler v. Ala. Jud. Inquiry Comm'n, 245 F.3d 1257, 1261 (11th Cir. 2001) ("Younger and its progeny reflect the longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases already pending in state court free from federal court interference.") (citation omitted). "Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue." Johnson v. Florida, 32 F.4th 1092, 1099 (11th Cir. 2022). "There are three narrow exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the constitutional issues can be raised." Id.

Here, Crosby has an ongoing state criminal prosecution; thus, the Court must dismiss the claims in Grounds Two and Three unless he can demonstrate one of the "three narrow exceptions" to the Younger doctrine. Crosby alleges none of the three exceptions to the Younger doctrine, and the Court's review of

the Petition and his state court docket confirm that no exception exists. Therefore, interference in Crosby's state pretrial proceedings on the above grounds is not warranted.

### C. Ground Four

As to Ground Four, Crosby seemingly asserts that the state court has violated his right to a speedy trial. Petition at 7. According to Crosby, "[t]he partial/bias judge and malicious counsel" have caused the violation. Id. Crosby concedes that he has not raised these issues in state court. See id.

"[A] district court may not grant a § 2241 petition unless the petitioner has exhausted all available state remedies." Johnson, 32 F.4th at 1095–96. The exhaustion requirement prevents "the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." Braden v. 30th Jud. Cir. Ct., 410 U.S. 484, 493 (1973). Here, Crosby admits he has not exhausted his claim in state court. To that end, the Court will not interfere with Crosby's pending state court proceedings. If Crosby wishes to challenge the alleged violations, he should confer with his attorney or raise his concerns with the state court at the next pretrial status hearing.

Therefore, it is now **ORDERED:**

1. This case is **DISMISSED WITHOUT PREJUDICE**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of September, 2024.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 9/27
c:   James B.V. Crosby, #2024000160